IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:96-CR-62-BO-13

| | |
|---|---|
| RICHARD MAGGIOLO, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion to correct clerical error [DE 449], and petitioner's motion for writ of *audita querela* [DE 452]. The government has responded and the matter is ripe for ruling. For the following reasons petitioner's motions are DENIED.

On August 8, 2013, petitioner filed a motion to correct clerical error. In support he asserts that the probation officer made a clerical error in his presentence investigation report ("PSR"). Specifically he alleges a clerical error in the statutory minimum and maximum penalties reflected in his PSR. On December 27, 2013, petitioner filed a motion for writ of *audita querela*. In support he asserts that the Court should intervene to prevent his deportation at the end of his sentence.

Petitioner's motion to correct clerical error attacks the validity of his conviction, and therefore, is properly brought pursuant to 28 U.S.C. § 2255. However, petitioner filed an action under § 2255 that was dismissed by the Court on December 29, 1999. Before a second or successive habeas application may be filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244.

The Court dismissed an attempt by petitioner to file a successive § 2255 action on January 16, 2001, because he did not first seek authorization from the Fourth Circuit. The Fourth Circuit subsequently denied petitioner's request to file a successive application. Next, in February 2004, the Court dismissed petitioner's request for reconsideration of his conviction and sentence "pursuant to the extraordinary writ of *audita querela*, and the relation back provisions of FED. R. CIV. P. 16(c)(1–3)" as a successive § 2255 petition filed without authorization from the Fourth Circuit. Next, in July 2004, the Court dismissed petitioner's request to dismiss his indictment as a successive § 2255 petition filed without authorization from the Fourth Circuit. Petitioner has also failed to receive authorization to file his current motion and accordingly this matter is DISMISSED without prejudice.

Petitioner also is not eligible for relief pursuant to the writ of *audita querela*. The writ "is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255." *United States v. Sessoms*, 488 F. App'x 737, 738 (4th Cir. 2012) (unpublished). Further, petitioner cannot use the remedy to avoid the prohibitive effect of successive § 2255 motions. *Id.* Petitioner's instant motion for writ of *audita querela* seeks to escape the immigration consequences of his conviction and sentence – relief that can only be granted pursuant to § 2255. Because petitioner cannot use the writ of *audita querela* to avoid the prohibitive effect of his four prior § 2255 motions, his motion must be DENIED.
SO ORDERED.

This the 25 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 4:96-cr-00062-BO   Document 464   Filed 03/26/14   Page 2 of 2